IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| KREYENBORG GmbH,<br><br>Plaintiff,<br><br>v.<br><br>PSI-POLYMER SYSTEMS, INC., GLEN WOODCOCK (in his capacity as President and Co-Owner), and CARLA WOODCOCK (in her capacity as Vice President and Co-Owner),<br><br>Defendants. | 5:12-cv-00180-RLV-DSC |

## JOINT PROTECTIVE ORDER

1. ## PURPOSES AND LIMITATIONS

This Protective Order (the "Order") governs the production or exchange of documents and other discovery materials in connection with the above-captioned action (the "Action") by or between the Parties and any third parties, either formally, through the discovery process, or informally. If discovery is sought from third parties in connection with this litigation between the Parties, and this discovery would require a third party to disclose and/or produce Confidential or Highly Confidential Information, that third party may gain the protections of this Order through a written agreement by that third party to produce documents or information pursuant to this Order and to be bound by it. Under such agreement, the Parties hereto will be bound by this Order with respect to all Confidential or Highly Confidential Information produced by that third party.

2.    <u>DEFINITIONS</u>

2.1    <u>Party</u>:    any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and in-house counsel (and their support staff).

2.2    <u>Discovery Material</u>:    all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced in discovery in this Action.

2.3    <u>"CONFIDENTIAL" Information or Items</u>:    information (regardless of how generated, stored or maintained) or tangible things the Designating Party believes in good faith is not generally known to others, and that the Designating Party (i) would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence; or (ii) believes in good faith is protected by a right to privacy under federal or state law, or any other applicable privilege or right related to confidentiality or privacy.

2.4    <u>"HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items</u>:    highly sensitive "Confidential Information or Items," the disclosure of which to another Party or non-party would create a substantial risk of serious competitive injury to the Producing Party.    Highly Confidential Information designations should be used only for sensitive technical, financial, competitive, or personnel information, which is not known by third parties and that the Producing Party has not previously revealed to any third parties who have not, prior to receiving the same, agreed in writing to protect and maintain the information in confidence with at least the same level of care normally afforded to their own highly confidential information.    For

- 2 -

example, Highly Confidential Information may include, but is not limited to: materials such as CAD (Computer Aided Design) or CAM (Computer Aided Manufacturing) computer files; drawings and/or specifications containing information not previously disclosed by the Producing Party to, or readily observable by, customers or prospective customers; materials submitted to regulatory agencies; financial and accounting information; business and marketing plans or analyses; licenses; surveys; meeting minutes; employment records; information obtained from a third party pursuant to a current Non-Disclosure Agreement; and similar information; provided that the materials must nonetheless meet the foregoing requirements stated in this Section 2.5 in order to properly be designated as Highly Confidential Information.

2.6     Receiving Party:  a Party that receives Discovery Material from a Producing Party.

2.7     Producing Party:  a Party or non-party that produces Discovery Material in this Action.

2.8     Designating Party:  a Party or non-party that designates information or items that is produced in disclosures or in responses to discovery as "Confidential," or "Highly Confidential – Outside Attorneys' Eyes Only."

2.9     Challenging Party:  a Party that elects to initiate a challenge to a Designating Party's confidentiality designation.

2.10    Protected Material:  any Discovery Material that is designated as "Confidential," or "Highly Confidential – Outside Attorneys' Eyes Only."

2.11     Outside Counsel:  attorneys who are not employees of a Party (as well as their necessary support staff), but who are retained to represent or advise a Party in this Action.

2.12     In-house Counsel:  attorneys who are employees of a Party (as well as their necessary support staff).

2.13     Counsel (without qualifier):     Outside Counsel and In-house Counsel (as well as their necessary support staff).

2.14     Outside Consultant:    a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by, or at the direction of, a Party or its Counsel to serve as an expert witness or as a consultant in this Action, and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or of a competitor of a Party.

2.15     Professional Vendors:   persons or entities that provide litigation support services (*e.g*., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium etc.) and their employees and subcontractors who are not current employees of a Party or of a competitor of a Party, and who, at the time of retention, are not anticipated to become employees of a Party or of a competitor of a Party.  This definition includes electronically stored information ("ESI") vendors, professional jury or trial consultants retained in connection with this Action, and mock jurors retained by such consultants to assist them in their work.  Professional Vendors do not include consultants who fall within the definition of Outside Consultant.

- 4 -

3.    <u>SCOPE AND APPLICABILITY</u>

All documents, materials, items, testimony or information designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," regardless of whether stored in electronic or paper form, produced or filed with the Court, submitted to the Court in connection with a hearing or trial, or produced or served either by a Party or a third party, to or for any of the other Parties, shall be governed by this Protective Order and used by the Receiving Party only for the purposes of this litigation in the above captioned case and not for any business, patent prosecution, competitive or governmental purpose or function, and shall not be disclosed to anyone except as provided in this Protective Order, absent a specific order by the Court.

This Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

The protections conferred by this Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Western District of North Carolina.

4.      DURATION

The confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.      DESIGNATING PROTECTED MATERIAL

5.1     Manner and Timing of Designations.    Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before being disclosed or produced.  Designation in conformity with this Order:

(a)     for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," on each document that contains Protected Material. Unless otherwise indicated, the designation of confidentiality shall apply to the entire document.  If only a portion or portions of the document qualifies for protection, the Producing Party also must clearly identify the protected portion(s) and must specify, for each portion, the level of protection being asserted "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY.".

(b)     for testimony given in deposition or in other pretrial or trial proceedings, the Party or non-party offering or sponsoring the testimony shall identify on the record all Protected Material and further specify any portions of the testimony that qualify as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." When impractical to identify separately each portion of testimony that is entitled to protection, and when substantial portions of the testimony

- 6 -

may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record a right to designate the entire testimony or particular topic thereof "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." Testimony in a deposition may also be designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." by notifying the deposing Party in writing within fourteen (14) calendar days of the conclusion of the deposition. No deposition may be read by anyone other than the deponent, Counsel for the Parties, and those qualified to see "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" material under Paragraph 7 during the fourteen (14) calendar day period following a deposition unless otherwise agreed upon among the Outside Counsel. Upon being informed that certain portions of a deposition disclose either "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information, each Party must cause each copy of the transcript in its custody or control to promptly be marked with the appropriate designation.

Transcript pages containing Protected Material must contain on each page the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c)      for electronic documents and other electronic files, the Producing Party shall affix the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," as appropriate to the media containing the documents, or by indicating in writing those documents designated

as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

(d)     for information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

5.2     Inadvertent Failure to Designate.  The inadvertent or unintentional production by the Producing Party, or any third party subject to an obligation of confidentiality, of confidential material or information without designating such material or information as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to that specific information or as to any other information.  In the event that the Producing Party discovers that it or a third party subject to an obligation of confidentiality inadvertently or unintentionally provided Confidential Information without designation, that party shall, within ten (10) days of learning of the disclosure, by letter sent to opposing counsel, designate all documents or portions thereto containing such information "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," subject to the protections of this Order, and the Receiving Party shall make all reasonable efforts to assure that the

material is treated in accordance with the provisions of this Order.  If inadvertently or unintentionally provided Confidential Information has been disclosed by a Receiving Party in any filing, motion, hearing, trial or proceeding, then the Receiving Party, after being duly notified by letter, shall, to the extent necessary, designate all documents or portions containing such information as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." To the extent this Confidential Information was submitted in a filing or motion, the Party submitting the filing shall cooperate in any motion or request to the Court to seal such information, in accordance with the Court's rules and procedures.  Nothing herein shall prevent the Receiving Party from challenging the propriety of the designation of the documents by submitting a written challenge to the Court.

        5.3    <u>Inadvertent Production of Work Product or Privileged Information</u>. The inadvertent or unintentional production of documents subject to work product immunity, trade secret immunity, or the attorney-client privilege shall not constitute a waiver of the immunity or privilege, provided that the Producing Party (or the party holding the privilege or immunity if produced by a third party such as an outside law firm) promptly after learning of the production notifies the Receiving Party in writing of such inadvertent production.  No Party to this Action thereafter shall assert that such inadvertent disclosure alone waived any privilege or immunity.  Absent court order or agreement of the Parties to the contrary, no use shall be made of such documents during deposition, at trial, or in any filing or motion, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them.  Any Receiving Party will return or destroy such inadvertently produced items and all copies within five

(5) business days of receiving a written request from the Producing Party for the return or destruction of such items and certify such return or destruction in writing to the Producing Party. The return of such items shall not be construed as an agreement by the returning party that the information is, in fact, protected by any privilege or immunity. The Producing Party must promptly amend its privilege log to reflect the documents it seeks returned. The Receiving Party, having so returned the items, may thereafter seek production of any such documents in accordance with the Federal Rules of Civil Procedure (without asserting waiver based solely on their inadvertent production). Nothing in this Order shall (i) prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court or (ii) be construed to require the production of any information, document, ESI or thing that a party contends is protected from disclosure by any privilege or immunity.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Objections to Confidentiality Designations and Judicial Intervention</u>. Any Party may object to the designation of particular "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information by identifying the information to which the objection is made in a written notice to the party designating the disputed information. However, a Party shall not be obligated to challenge the propriety of such designations at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. If the Parties cannot resolve the objection, it shall be the obligation of the Challenging Party to file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.

Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in Section 6.2 below. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

      6.2    <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation, or Challenging Party, must do so in good faith and must begin the process by conferring with the Designating Party. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. The Designating Party must cooperate in scheduling such conference. If the Designating Party is unavailable to meet and confer within a reasonable amount of time or fails to cooperate in scheduling the conference, the Challenging Party may proceed to file its motion with the Court.

      6.3    <u>Judicial Intervention</u>. A Party that elects to initiate a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party to establish that the information is, in fact, properly designated. Until the court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

7.    PRESERVATION AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for the purposes of this litigation in the above captioned cases and not for any business, patent prosecution, competitive or governmental purpose or function, and Protected Material shall not be disclosed to anyone except as provided in this Order absent a specific order by the court. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 12 below (FINAL DISPOSITION).

All "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information shall be maintained under the control of Outside Counsel, who shall make best efforts to prevent any disclosure thereof except in accordance with the terms of this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)      its Outside Counsel of record in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b)      up to three (3) of its officers, directors, or employees (including In-house Counsel) to whom disclosure is reasonably necessary for this Action,; if any Receiving Party believes that more than three (3) employees require access to Protected Material, that Party may negotiate that issue directly with the Producing Party;

(c)      its Outside Consultants to whom disclosure is reasonably necessary for this Action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)      the Court and its personnel;

(e)      court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

(f)      any designated mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff;

(g)      during their depositions, witnesses in the Action to whom disclosure is reasonably necessary for this Action.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(h)      each person the document or information identifies as an author, source or recipient of such document or information; and

(i)     any other person upon order of the Court.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — OUTSIDE ATTORNEYS' EYES ONLY" only to persons listed in Paragraphs 7.2 (a), (c)-(f), (h)-(i).

7.4     Procedures Regarding Disclosure of Protected Material

(a)     Each person to whom Protected Material may be disclosed, and who is required to sign the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, shall do so prior to the time such Protected Material is disclosed to him or her.  Counsel of Record for a Party who makes any disclosure of Protected Material shall retain each original executed agreement and, upon written request, shall provide copies to counsel to all other Parties at the termination of this action.

(b)     At the request of the Designating Party, persons not permitted access to Protected Material under the terms of this Protective Order shall not be present at those portions of depositions while the Designating Party's Protected Material is discussed or otherwise disclosed.

(c)     Use of Protected Material during pre-trial and trial proceedings shall be conducted in accordance with LCvR 6.1.

7.5     Procedures for Approving Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items to "Outside Consultants"

(a)     Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Receiving Party that seeks to disclose to an Outside Consultant any Protected Material first must make a written request to the Designating Party at least seven business days before the first of such disclosure that (1) states that the Receiving Party seeks to disclose Protected Material to the Outside Consultant, (2) identifies the Outside Consultant by setting forth the full name of the Outside Consultant and his or her business address, (3) attaches a copy of the Outside Consultant's current resume, (4) identifies the Outside Consultant's current employer(s), (5) identifies (by name, address, telephone number and dates of service) each person or entity from whom the Outside Consultant has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Outside Consultant has provided any professional services during the preceding five years, and (7) describes the nature of any relationship (purpose and length of relationship) that the Outside Consultant has or has had with any Party to this Action.

(b)     A Receiving Party that makes a request and provides to the Designating Party the information specified in Section 7.4 (a) above may disclose Protected Material to the identified Outside Consultant unless, within seven (7) business days of making the request, the Receiving Party receives a written objection from the Designating Party.  Any such objection must be made for good cause and set forth in detail the grounds on which it is based.

(c)     A Receiving Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement.  If no agreement is reached within five (5) business days, the Designating Party may file a motion seeking a Protective Order from the Court to prohibit the disclosure to the Outside Consultant.  Any such notice must describe the circumstances with specificity, set forth in detail the reasons for the challenge, assess the risk of harm to the Designating Party that the disclosure would entail, and may suggest any additional means that might be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration in which the movant describes the Parties' efforts to resolve the matter by agreement.  The Designating Party shall have the burden of proof by a preponderance of the evidence on the issue of the sufficiency of the objection(s).  If the Designating Party files a timely motion for Protective Order, Protected Material shall not be disclosed to the challenged individual until and unless a final ruling allowing such disclosure is made by this Court, or by the consent of the Designating Party, whichever occurs first.  If the Designating Party fails to file a proper motion within five (5) calendars of having met and conferred, the Receiving Party may disclose the Protected Material to the Outside Consultant.  Disagreement by the Designating Party that the Outside Consultant is competent to render an admissible opinion in this Action is not a valid basis for refusing disclosure.  Likewise, the disclosure of designated material to an Outside Consultant under the terms of this Order may not be used as evidence that the Designating Party acquiesced to the expertise or qualifications of the Outside Consultant.

PPAB 2045743v1

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

8.1    If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing, promptly and in no event more than ten (10) court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

8.2    The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

8.3    The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound By Protective Order" that is attached hereto as Exhibit A.

10.     FILING PROTECTED MATERIAL

Filing Protected Material shall be handled in accordance with LCvR 6.1.

11.     DISCOVERY FROM OUTSIDE CONSULTANTS

11.1    Outside Consultants who will testify in this Action shall not be subject to discovery on any draft of his or her report in this case that was written by the Outside Consultant or his or her staff and such draft reports, notes or outlines for draft reports developed and drafted by the Outside Consultant and/or his or her staff are also exempt from discovery.

11.2    Outside Consultants who will testify in this Action shall not be subject to discovery of any drafts of expert reports, declarations, affidavits, or notes taken, whether those reports, declarations, affidavits, or notes relate to this Action, to any prior litigation, investigation, or proceeding involving the Parties or to any currently pending litigation, investigation, or proceeding involving the Parties.

11.3    Discovery of materials provided to Outside Consultants who will testify in this Action shall be limited to those materials, facts, consulting expert opinions,

and other matters received, reviewed, or considered by the Outside Consultant, whether actually relied upon or not, in the course of forming his or her final report, trial or deposition testimony or any opinion in this case. No discovery can be taken from any Outside Consultant who will not testify in this Action except to the extent that Outside Consultant has provided information, opinions or other materials to an Outside Consultant who will testify in this Action.

11.4    The Parties agree not to inquire at deposition or trial as to the contents of drafts of expert reports, declarations or affidavits, nor notes pertaining thereto, whether drafted in connection with this Action, a prior litigation, investigation, or proceeding involving the Parties, or a concurrently pending litigation, investigation, or proceeding involving the Parties. The Parties further agree not to inquire at deposition or at trial as to the Outside Consultant's communications, written or oral, with counsel, whether generated in connection with this Action, a prior litigation, investigation, or proceeding involving the Parties in this case, or a concurrently pending litigation, investigation, or proceeding involving the Parties, except to the extent that the Outside Consultant explicitly references or cites information from counsel in his or her expert report, declaration, affidavit, or testimony.

11.5    No conversations or communications, including e-mail, between Counsel and any Outside Consultant, whether generated in connection with this Action, a prior litigation, investigation, or proceeding involving the Parties, or a concurrently pending litigation, investigation, or proceeding involving the Parties, will be subject to discovery.

11.6   Materials, communications (including e-mail) and other information exempt from discovery under the foregoing paragraphs of this section shall be treated as attorney work product for the purposes of this Action and Protective Order.

12.   COMMUNICATIONS BETWEEN PARTY AND COUNSEL

The Parties agree that privileged or protected communications occurring on or after July 11, 2012 need not be recorded on the Party's privilege log in this case.

13.   FINAL DISPOSITION

The ultimate disposition of Protected Material is subject to a final order of the court upon the completion of litigation.

14.   MISCELLANEOUS

14.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  The Parties may by stipulation provide for exceptions to this Order, provided that such stipulation is presented to the Court as a Consent Order, and any Party may seek an order of this Court modifying or interpreting this Order.

14.2   Right to Assert Other Objections.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order or from asserting that certain discovery materials should receive greater confidentiality protection than that provided herein, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

14.3     Waiver of Notice.  Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by Counsel for the Party against whom such waiver will be effective.

14.4     Enforcement.  The United States District Court for the Western District of North Carolina is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material produced under the protection of this Order shall be resolved by this Court.  In the event anyone shall violate or threaten to violate the terms of this Order, subject to meet and confer obligations in the Court's Local Rules, the aggrieved party may apply to obtain injunctive relief against any such person, and in such event, the respondent, subject to the terms of this Order, shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law.  The Parties and any other person subject to the terms of this Order agree that they will subject themselves to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Order.

14.5     No Waiver.  Nothing in this Order, or the taking of any action in accordance with the provisions of this Order, or the failure to object thereto, shall be construed as a waiver or admission of any claim or defense in the Action.  The failure to object to a designation shall not constitute an admission by the Receiving Party that the designated information is in fact trade secret or proprietary information.  This Order shall not in any way limit what a party may do or disclose with its own documents or information.  Nothing in this Order shall be deemed to preclude a party from seeking and obtaining, on an appropriate showing, different or additional   protections or relief

regarding matter designated as containing "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information.

Respectfully submitted,

| | |
|---|---|
| /s Peter C. Schechter | /s M. Scott Stevens |
| Peter C. Schechter | M. Scott Stevens (N.C. Bar No. 37828) |
| (admitted *pro hac vice*) | scott.stevens@alston.com |
| pschechter@edwardswildman.com | Stephen R. Lareau (N.C. Bar No. 42992) |
| Jennifer L. Dereka | Stephen.lareau@alston.com |
| (admitted *pro hac vice*) | ALSTON & BIRD LLP |
| jdereka@edwardswildman.com | Bank of America Plaza |
| EDWARDS WILDMAN PALMER LLP | 101 South Tryon Street, Suite 4000 |
| 750 Lexington Avenue | Charlotte, North Carolina 28280-4000 |
| New York, NY 10022 | Telephone: (704) 444-1000 |
| Telephone: (212) 308-4411 | Facsimile: (704) 444-1111 |
| Facsimile: (212) 308-4844 | |
| | Keith E. Broyles |
| Eric D. Welsh (N.C. Bar No. 29629) | (admitted *pro hac vice*) |
| ericwelsh@parkerpoe.com | keith.broyles@alston.com |
| PARKER POE ADAMS & BERNSTEIN, LLP | Pamela Holland Councill |
| Three Wells Fargo Center | (admitted *pro hac vice*) |
| 401 S. Tryon Street | pamela.councill@alston.com |
| Suite 3000 | ALSTON & BIRD LLP |
| Charlotte, NC 28202 | One Atlantic Center |
| Telephone: (704) 335-9052 | 1201 West Peachtree Street |
| Facsimile: (704) 334-4706 | Atlanta, Georgia 30309-3424 |
| | Tel.: (404) 881-7000 |
| | Fax: (404) 881-7777 |
| | |
| *Counsel for Plaintiff Kreyenborg GmbH* | *Counsel for Defendants PSI-Polymer Systems, Inc., Glenn Woodcock and Carla Woodcock* |

**SO ORDERED**.

Signed: January 29, 2013

_____
David S. Cayer
United States Magistrate Judge

PPAB 2045743v1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| KREYENBORG GmbH,<br><br>                Plaintiff,<br><br>    v.<br><br>PSI-POLYMER SYSTEMS, INC., GLEN WOODCOCK (in his capacity as President and Co-Owner), and CARLA WOODCOCK (in her capacity as Vice President and Co-Owner),<br><br>                Defendants. | 5:12-cv-00180-RLV-DSC |

**EXHIBIT A:  AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, hereby acknowledge that I am about to receive Protected Material and information as defined in the Protective Order agreed to by the parties and so ordered by the Court in this case.

I certify my understanding that the Protected Material and information are being provided to me pursuant to the terms and restrictions of the Protective Order, and that I have been given a copy of and have read and understood my obligations under that Protective Order. I hereby agree to be bound by the terms of the Protective Order. I clearly understand that the Protected Material and information and my copies or notes relating thereto may only be disclosed to or discussed with those persons permitted by the Protective Order to receive such material.

PPAB 2045743v1

I will return on request all materials containing Protected Material and information, copies thereof, and notes that I have prepared relating thereto, to outside counsel for the party by whom or on whose behalf I am retained.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

I make the above statements under penalty of perjury.


Signature:_____

Printed Name:_____

Company Name/Address/Phone:
_____
_____
_____
_____